## Charles H. Thomas, et al., v. Maude B. Ellis, et al.
### Gen. No. 11,917.

1. MASTER'S FINDING—*advisory to chancellor.* The findings of a master in chancery, while *prima facie* correct, are only advisory to the chancellor and it is the right and duty of the latter to disregard them and sustain proper exceptions to the master's report, where upon careful consideration the findings of the latter are found to be erroneous.

Foreclosure proceeding. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed and remanded with directions. Opinion filed October 6, 1905.

DANIEL M. ROTHSCHILD, for appellants.

GEORGE J. GILBERT, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a bill wherein appellees seek to foreclose a trust deed made to secure two notes, one for fifty and the other for two hundred dollars, which it is alleged were executed to secure indebtedness of that amount to appellees, but which by mistake it is claimed remained in the hands of the makers and were never delivered. Appellants deny the existence of any indebtedness, state that the notes were never delivered, and that although they executed the trust deed and it was recorded they received no consideration therefor. They file a cross-bill in which they set forth that the trust deed was executed when they were intending to give said deed and the notes thereby secured for a part of a then existing debt, which they had an option either to pay in full or extend as to the two hundred and fifty dollars as they might elect; that after the said trust deed was recorded they concluded to and did pay the said debt in full, and thereupon the notes secured by the trust deed in controversy were returned to them. They ask for a release of the trust deed.

The cause was referred to a master to take testimony and

report his conclusions. The master reported that the evidence offered in behalf of appellees was "more than counterbalanced by the evidence offered in behalf of" appellants, and the allegations of the bill were not sustained by the evidence. He found "specifically that the evidence establishes the fact that the defendant Thomas paid the balance of $250, in full satisfaction" of the debt to appellees; that "the evidence of B. W. Ellis is the only positive evidence in the record that Thomas did not pay $250, while Thomas testifies that he did, his wife testifies that Thomas did and that she gave him money which he needed to make up the $250, in Ellis' office, and Thomas' son also testifies that he was present in the office at the time and saw his father pay money to B. W. Ellis."

It is true the master's findings while prima facie correct are only advisory to the chancellor (Fairbury Agricultural Board v. Holly, 169 Ill., 9-12), and it is the right and duty of the latter to disregard them and sustain proper exceptions to the master's report, when upon careful consideration the findings of the latter are found to be erroneous. It is also true that this court, with the full record before it, as in this case, possesses equal opportunities to determine whether under the evidence the findings and decree of the chancellor are correct. In the present case we are compelled to the conclusion that the findings of the master are sustained by the greater weight of evidence. To review the evidence in detail would involve needless expenditure of time and labor. It must suffice to say that the notes described in the trust deed and remaining in the hands of the makers, appear from the evidence to have been made to represent an indebtedness which was afterwards fully paid. The decree of the Circuit Court will therefore be reversed and the cause remanded to that court with directions to dismiss the original bill and grant the relief prayed for in the cross-bill.

<i>Reversed and remanded with directions.</i>